UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                       :
IMAN ROWELL,                         :
                   Plaintiff,   :
                                         :     09 Civ. 9178 (DLC)
             -v-                  :
                                         :     MEMORANDUM OPINION
THE CITY OF NEW YORK, "JOHN DOE," and  :         & ORDER
"RICHARD ROE,"                  :
                   Defendants.   :
                                         :
----------------------------------------X

APPEARANCES

For plaintiff:
Gary S. Fish
Attorney at Law
15 Maiden Lane, Suite 1108
New York, NY 10038

For defendants:
Baree N. Fett
The City of New York Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

     The City of New York has requested that the complaint in
this case be dismissed for failure to prosecute pursuant to Rule
41(b) of the Federal Rules of Civil Procedure.  The complaint is
dismissed with prejudice.

BACKGROUND

     The plaintiff filed the complaint on November 4, 2009
seeking relief under 42 U.S.C. § 1983 for alleged violations of
her constitutional rights, namely false arrest and malicious

prosecution by officers of the New York City Police Department.
On November 23, an initial pretrial conference was scheduled for
January 29, 2010.  On November 23, the defendant also provided
plaintiff's counsel with a New York Criminal Procedure Law
§ 160.50 release for the plaintiff to sign.  Pursuant to that
statute, all official documents concerning the plaintiff's
arrests or prosecutions, including police records, are sealed.
Without a signed release from the plaintiff, the defendant's
attorney cannot access the records related to the arrest that is
the basis of the plaintiff's complaint in order to investigate
the plaintiff's claims.  On November 27, the defendant requested
an extension of time to answer or otherwise respond to the
complaint to January 27, 2010 in order to investigate the
plaintiff's claims.  This request was granted.  Receiving no
response to its November 23 request for an executed release, the
defendant provided a second set of releases on December 10.  The
defendant did not receive a response, and so defendant's counsel
called plaintiff's counsel on December 18 to request the
executed releases.  The plaintiff did not supply the releases in
response to this telephone call.

    On January 27, the defendant requested that the Court
dismiss the action for failure to prosecute based on the
plaintiff's failure to provide the releases after multiple
requests, or in the alternative, to extend the defendant's time

to respond to forty-five days after the plaintiff provided the requested releases.  The plaintiff's attorney replied in a letter dated January 27 and received in Chambers on January 29. He consented to the forty-five day extension requested by the defendant and stated that his client had no intention of abandoning her claim, but provided no explanation for the plaintiff's failure to provide an executed release.  According to plaintiff's counsel, "My client is simply behaving as most clients do."  On January 29, plaintiff's counsel failed to appear at the scheduled pretrial conference.  The Court memo endorsed the plaintiff's January 27 letter on January 29 with the following:  "Plaintiff failed to appear at the January 29 conference and has failed to provide releases despite requests on November 23, and December 10 and 18.  He provides no excuse for these failures.  If the releases are not provided to defense counsel by February 12, 2010, the case shall be dismissed."  The defendant's time to answer was also extended to April 2.

On February 19, defendant renewed its request to dismiss the plaintiff's complaint for failure to prosecute.  The plaintiff had not provided an executed release by that date.

DISCUSSION

Rule 41(b) authorizes dismissal of a complaint "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b).  The five factors to be analyzed

in adjudicating such a motion are whether the failure to prosecute caused a significant delay, whether the plaintiff was given notice that further delay would result in dismissal, whether the defendant is likely to be prejudiced by the delay, whether any need to alleviate court calendar congestion outweighs the plaintiff's right to its day in court, and whether lesser sanctions are appropriate.  Lewis v. Rawson, 564 F.3d 569, 575-82 (2d Cir. 2009); United States ex. Rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254-58 (2d Cir. 2004); Shannon v. General Electric Co., 186 F.3d 186, 194-96 (2d Cir. 1999). In analyzing the factors, the court reviews the record as a whole, conscious of the fact that dismissal is a harsh remedy to be used "only in extreme situations."  Drake, 375 F.3d at 254. A dismissal with prejudice ordinarily occurs as a sanction for "dilatory tactics during the course of litigation or for failure to follow a court order."  Lewis, 564 F.3d at 576.

The defendant has shown that dismissal is appropriate in this case.  The defendant has been unable to investigate the plaintiff's claim due to her failure to supply executed releases for nearly three months.  The plaintiff was warned on January 29 that her case would be dismissed if she did not provide an executed release by February 12, a date she let come and go with no response.  The defendant would be prejudiced by further delay in this case because it has already twice requested that the

4

case be dismissed after diligently requesting executed releases
several times over a period of four months, efforts that to this
point have been fruitless and have wasted the defendant's time
and resources.  Weighing "court calendar congestion" carefully
against the plaintiff's right to an opportunity for a day in
court also favors dismissal.  The plaintiff failed to appear at
a scheduled conference at which she could have pursued her
claim, and the plaintiff's only submission to this point other
than the complaint was filled with bluster but devoid of
substance.  Lesser sanctions are unavailable because this case
is still at the earliest stages; there have been no responsive
pleadings, discovery, or motions based on which it might be
possible to meaningfully strike portions of the complaint or
fashion other appropriate remedies.  A dismissal with prejudice
is an appropriate sanction based on the plaintiff's failure to
provide the executed releases despite repeated requests by the
defendant and a warning from the Court; the plaintiff's failure
to provide any explanation for that failure; and her failure to
participate in these proceedings.

CONCLUSION

The plaintiff's November 4, 2009 complaint is dismissed with prejudice for failure to prosecute.  The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          March 2, 2010

                                    _____
                                         DENISE COTE
                                    United States District Judge

6